# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| GOLABS INC., d/b/a GOTRAX<br><br>*Plaintiff,*<br><br>v.<br><br>UNICORN GLOBAL, INC., HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., SHENZEN UNI-SUN ELECTRONIC CO., LTD., AMAZON.COM INC. and AMAZON.COM SERVICES LLC,<br><br>*Defendants.* | Civil Action No.  3:21-CV-00311<br><br>Jury Trial Demanded<br><br>**DECLARATORY JUDGMENT COMPLAINT** |

## NATURE OF THE CASE

Plaintiff Golabs, Inc., d/b/a Gotrax ("Plaintiff" or "Golabs"), as for its Complaint against Defendants Unicorn Global, Inc. ("Unicorn"), Hangzhou Chic Intelligent Technology Co., Ltd. ("Hangzhou Chic"), Shenzhen Uni-Sun Electronic Co., Ltd. ("Uni-Sun"), Amazon.com Inc. and Amazon.com Services LLC, seeks a declaratory judgment that its offer for sale, sale, manufacture, use and/or importation of its EDGE, GLIDE and SRX Mini hoverboard products do not infringe U.S. Patents Nos. 9,376,155 ("the '155 patent") (Exhibit 1), 9,452,802 ("the '802 patent") (Exhibit 2) and 10,597,107 ("the '107 patent") (Exhibit 3) (collectively "the Asserted Patents") owned and/or enforced by Defendants Unicorn, Hangzhou Chic and Uni-Sun.  The need for such relief exists because Defendants Unicorn, Hangzhou Chic and Uni-Sun have wrongfully accused Golabs of patent infringement and have caused Amazon to maintain the delisting of all Golabs's hoverboard products on Amazon.com until a Court Order is issued holding that Golabs's products do not infringe the Asserted Patents.  Golabs states as follows:

1

## PARTIES

1. Plaintiff Golabs is a privately held Texas corporation with its principal place of business at 2201 Luna Road, Carrolton, TX 75006. Golabs imports and sells to consumers, retailers and distributors a variety of popular recreational products, including hoverboards.

2. Upon information and belief, defendant Hangzhou Chic is a Chinese company organized and existing under the laws of the People's Republic of China with a principal place of business located at 2/F, No. 2 Building, Liangzhu University, Science and Technology Park, No. 1 Jingyi Road, Liangzhu, Hangzhou, 311112, People's Republic of China. Upon information and belief, Hangzhou Chic is the owner by assignment of all right, title and interest in and to the Asserted Patents.

3. Upon information and belief, defendant Unicorn is a California corporation with its principal place of business located at 18333 Gale Avenue, City of Industry, California 91748. Upon information and belief, Unicorn has enforcement rights with respect to the Asserted Patents.

4. Upon information and belief, defendant Uni-Sun is a company organized and existing under the laws of the People's Republic of China with a principal place of business located at No. 43 Lan Second Road, Longxin Area, Longgang District, Shenzhen Guangdong, 518000, People's Republic of China. Upon information and belief, Uni-Sun is the exclusive licensee with respect to the Asserted Patents.

5. Upon information and belief, Amazon.com, Inc. is a corporation organized and existing under the laws of the State of Delaware, headquartered at 410 Terry Avenue North, Seattle, WA 98109-5210.

6. Upon information and belief, Amazon.com Services LLC is a corporation organized and existing under the laws of the State of Delaware, headquartered at 410 Terry Avenue North, Seattle, WA 98109-5210.

7. Upon information and belief, Amazon.com, Inc. (hereinafter collectively referred to with Amazon.com Services LLC as "Amazon") is the direct or indirect parent of Amazon.com Services LLC.

8. Upon information and belief, Amazon owns and operates distribution centers and other facilities in this District and throughout Texas and the United States, and provides a platform for the sale of hoverboard and other products through the Amazon website, www.amazon.com.

## RELATED LITIGATION

9. There is presently pending in this Court other litigation involving most of the same parties, as well as issues that are related to the issues in this litigation. Those other litigations are *Unicorn Global, Inc. et al. v. Golabs, Inc. d/b/a Gotrax* (Civil Action No. 3:19-CV-00754-N), *Unicorn Global, Inc. et al. v. Golabs, Inc. d/b/a Gotrax* (Civil Action No. 3:20-CV-02023-N) and *Golabs, Inc. d/b/a Gotrax v. Hangzhou Chic Intelligent Technology Co. Ltd. et al.* (Civil Action No. 3:19-CV-01019-N). Defendants Unicorn, Hangzhou Chic and Uni-Sun have asserted the '155 and '802 patents against certain Golabs hoverboards in Civil Action No. 3:19-cv-00754-N and have asserted the '107 patent against certain Golabs hoverboards in Civil Action No. 3:20-CV-02023-N.

## JURISDICTION AND VENUE

10. This action seeks a declaration that Golabs's EDGE, GLIDE and SRX Mini hoverboard products do not infringe the Asserted Patents of Defendants Unicorn, Hangzhou Chic and Uni-Sun and that Defendants Amazon immediately withdraw any objections to sale of Golabs's EDGE, GLIDE and SRX Mini products on www.amazon.com founded on any alleged infringement of any patents of Defendants Unicorn, Hangzhou Chic or Uni-Sun. Accordingly, subject matter jurisdiction of this Court exists under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331, 1338(a) and (b) and 1367.

11. An actual, substantial, and continuing justiciable controversy exists between the

parties with respect to which Golabs requires a declaration of its rights by this Court. Specifically, the controversy relates to a *quid pro quo* agreement between Amazon, Unicorn, Hangzhou Chic and Uni-Sun under which Amazon de-listed all of Golabs's hoverboard products from Amazon.com in exchange for the dismissal of Unicorn's, Hangzhou Chic's and Uni-Sun's claims against Amazon in Civil Action No. 3:19-cv-00754-N. Critically, such delisting and agreement includes certain Golabs's products (*i.e.*, its EDGE, GLIDE and SRX Mini models), which are not the subject of any legal action by Unicorn, Hangzhou Chic or Uni-Sun, and clearly do not infringe the Asserted Patents based on the Court's claim construction ruling in Civil Action No. 3:19-cv-00754-N.

12. Amazon is named as an interested party pursuant to Fed. R. Civ. P. 19(a)(1), because Amazon is subject to service of process and its joinder will not deprive the Court of jurisdiction, and Amazon must be joined as a party so that Golabs can obtain the complete relief it is seeking, namely, a declaratory judgment that its EDGE, GLIDE and SRX Mini do not infringe the '155, '802 and '107 patents asserted by Defendants Unicorn, Hangzhou Chic and Uni-Sun and an Order that Amazon withdraw any objections to sale of such products on www.amazon.com founded on any alleged infringement of any patents of Defendants Unicorn, Hangzhou Chic or Uni-Sun.

13. This Court has personal jurisdiction over Hangzhou Chic, Unicorn and Uni-Sun by reason of their transaction of business in this District related to the claims herein, including: initiation of legal action against plaintiff in this District relating to the Asserted Patents; the offer and sale of products, including hoverboards, to customers and potential customers in this District and throughout Texas, including hoverboards which compete with hoverboard products of plaintiff which Hangzhou Chic, Unicorn and Uni-Sun have improperly sought to interfere with the sale of; and engagement in tortious conduct against plaintiff in whole or in part in this District, including making false claims of patent infringement by plaintiff which have the purpose and effect of undermining plaintiff's sale of its products through www.amazon.com and other outlets. *See* TEX.

Civ. Prac. & Rem. Code Ann. §17.042(b) (West 2017); *Calder v. Jones*, 465 U.S. 783 (1984).

14. This Court has personal jurisdiction over Amazon because Amazon conducts business in this District and throughout Texas, including through regular and established Amazon fulfillment centers and other facilities in this District and throughout Texas, and because it has purposefully transacted business in this District relating to the issues in this litigation, including its offer and sale of products, including hoverboards, to customers and potential customers located in this District and throughout Texas, and because it cooperated in and directly assisted in the tortious activities of Hangzhou Chic, Unicorn and Uni-Sun against plaintiffs by declining to make certain of plaintiff's products available to consumers in this District and the State of Texas.

15. Venue is proper in Dallas County, Texas pursuant to Chapter 15 of the Texas Civil Practice and Remedies Code because a significant portion of the actions and omissions giving rise to the cause of action occurred in Dallas County, Texas, including where the effect of the tortious conduct was felt. *See Calder v. Jones*, 465 U.S. 783 (1984). Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**FACTUAL BACKGROUND**

16. On information and belief, the following facts establish that there is an anti-competitive agreement between Defendants Unicorn, Hangzhou Chic and Uni-Sun, on the one hand, and Amazon, on the other hand, for Amazon to delist from Amazon.com and maintain the delisting of all Golabs's hoverboard products regardless of the infringement, validity and/or enforceability of patents asserted by Defendants Unicorn, Hangzhou Chic and Un-Sun. This anti-competitive agreement was entered by Amazon in exchange for Defendants Unicorn's, Hangzhou Chic's and Uni-Sun's agreement to dismiss Amazon as a Defendant in *Unicorn Global, Inc. et al. v. Golabs, Inc. d/b/a Gotrax* (Civil Action No. 3:19-cv-00754-N) (hereinafter "anticompetitive *quid pro quo* agreement to dismiss/delist").

17. █████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

  ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████

   █████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████

  ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████

   ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

[redacted]

24. A Notice of Dismissal to Dismiss Amazon Defendants Pursuant to Fed. R. Civ. P. 41 was filed by Defendants Unicorn, Hangzhou Chic and Uni-Sun in Civil Action No. 3:19-cv-00754-N on June 3, 2019 (D.I.22) and entered by the Court on June 3, 2019.

25. In view of the foregoing, on information and belief, Defendants Unicorn, Hangzhou Chic and Uni-Sun and Amazon entered into an anticompetitive *quid pro quo* agreement to dismiss/delist, causing the delisting of all Golabs's hoverboards: (a) without adjudication by a Court, government agency or arbitrator holding that Golabs's hoverboards infringe a valid and enforceable patent asserted by Defendants Unicorn, Hangzhou Chic and Uni-Sun; (b) without regard to whether any of Defendants Unicorn's, Hangzhou Chic's and Uni-Sun's patents are infringed, valid and enforceable, (c) without regard to whether any such products have been accused of infringement in a District Court action, government agency proceeding or arbitration by Defendants Unicorn, Hangzhou Chic and Uni-Sun; and (d) in disregard of Amazon's Neutral Patent Evaluation Process.

26. As of the filing of this Complaint, on information and belief, Amazon continues to maintain the delisting of all of Golabs's hoverboards without regard to whether they have been accused of infringement in a District Court action, government agency proceeding or arbitration by Defendants Unicorn, Hangzhou Chic and Uni-Sun, without regard to whether there has been an adjudication by a District Court, government agency or arbitrator that Golabs's hoverboards infringe a valid and enforceable patent of Defendants Unicorn, Hangzhou Chic and Uni-Sun, and without regard to whether any of Defendants Unicorn's, Hangzhou Chic's and Uni-Sun's patents are infringed, valid and enforceable.

27. By email of January 11, 2021, Golabs's counsel requested permission from Amazon's counsel to list Golab's EDGE, GLIDE and SRX Mini hoverboards on Amazon.com and described in detail the reasons these products (as to which sales began in 2020) do not infringe Defendants Unicorn's, Hangzhou Chic's and Uni-Sun's '155, '802 and '107 patents asserted against other Golabs hoverboards in Civil Actions Nos. 3:19-cv-00754-N and 3:20-CV-02023-N, including that Golabs's EDGE, GLIDE and SRX Mini products only include a top cover and a bottom cover, but do not include "an inner cover." (Exhibit 5).

28. By email of January 11, 2021, Counsel for Golabs also directed Amazon's attention to a decision on November 5, 2020 by Presiding Judge Wang Hui of the Zhejiang Province Ningbo Intermediate People's Court, which issued a Civil Judgment #198 dismissing Defendant Hangzhou Chic's patent infringement claims with respect to a Chinese counterpart patent to the '155, '802 and '107 patents. Judge Wang Hui held that Hangzhou Chic's asserted counterpart patent claiming "a first and second inner cover set symmetrically and can be rotated to each other" (the same language in the asserted claims of the '155, '802 and '107 patents) is not infringed. The Court found that the product accused of infringement does not have the inner cover and no structure related to the inner cover exists. Judge Wang Hui found that according to claim 1, the inner cover includes the first

inner cover and the second inner cover which are set symmetrically and can be rotated to each other, and the other technical features of claim 1 of the patent in question are based on the inner cover. However, there is no inner cover in the product in question. Judge Wang Hui further stated that, obviously, the above technical features are different from the technical features recorded in the patent claims, so the technical solution of the infringed product lacks the inner cover and the technical features related to the inner cover in claim 1 of the patent in question. (Exhibit 5).

29. On January 14, 2021, during a meet and confer with Amazon's Counsel in 3:20-CV-02023-N, Counsel for Golabs reminded Amazon's Counsel of the January 11, 2021 email and request for permission to list Golabs's EDGE, GLIDE and SRX Mini hoverboards on Amazon.com. Amazon's Counsel advised that absent a favorable adjudication by a court or stipulation by Defendants Unicorn, Hangzhou Chic and Uni-Sun that Golabs's EDGE, GLIDE and SRX Mini can be listed on Amazon.com without opposition by Defendants Unicorn, Hangzhou Chic and Uni-Sun, Amazon will not list Golabs's EDGE, GLIDE and SRX Mini products.

30. On February 10, 2021, Golabs shared a filed copy of the instant Complaint with Counsel for Defendants Unicorn, Hangzhou Chic and Uni-Sun and requested such Counsel that Defendants Unicorn, Chic and Uni-Sun stipulate that Plaintiff's EDGE, GLIDE and SRX Mini do not infringe Defendants' patents and withdraw their objection to Golabs's EDGE, GLIDE and SRX Mini products and otherwise cooperate in allowing Golabs to list such products on Amazon.com. Because Defendants Unicorn, Hangzhou Chic and Uni-Sun refused to so stipulate, Golabs proceeded with serving the Complaint on Defendants Unicorn, Chic, Uni-Sun and Amazon and commencing this action.

31. Golabs has and continues to suffer irreparable harm, including irreparable harm to its business reputation, caused by the delisting of Golabs's hoverboards, including its EDGE, GLIDE and SRX Mini hoverboards, on Amazon.com, the world's largest online retailer.

## REQUEST FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENTS NOS. 9,376,155, 9,452,802 AND 10,597,107

32. Golabs repeats and realleges paragraphs 1 through 31 above as if fully set forth herein.

33. Golabs's EDGE, GLIDE and SRX Mini hoverboards do not infringe any valid and enforceable claim of the '155, '802 and '107 patents.

34. Each and every claim of the '155, '802 and '107 patents requires "an inner cover."

35. In Civil Action No. 3:19-CV-00754-N, the Court construed (D.I. 134) "an inner cover" to mean "a separate structural element that is not a part of the top cover or the bottom cover.

36. Golabs's EDGE, GLIDE and SRX Mini products do not infringe the asserted claims of the '155, '802, '036 and '107 patents because they do not include, *inter alia*, "an inner cover," *i.e.*, a separate structural element that is not a part of the top cover or the bottom cover as construed by the Court.

37. As shown in Figures 1a, b and c below, the EDGE, GLIDE and SRX Mini only have top and bottom housings, and do not include "an inner cover," *i.e.*, a separate structural element that is not a part of the top housing or the bottom housing.



Figure 1a. Top and Bottom Housings for the Edge (no inner cover).



Figure 1b. Top and Bottom Housings for the Glide (no inner cover).



Figure 1c. Top and Bottom Housings for the SRX Mini (no inner cover).

38. Golabs is entitled to a declaratory judgment that its EDGE, GLIDE and SRX Mini hoverboards do not infringe any claims of the '155, '802 and '107 patents, and that Amazon shall not deny sale of such products on *www.amazon.com* founded on any alleged infringement of any patents of Defendants Unicorn, Hangzhou Chic or Uni-Sun.

### **PRAYER FOR RELIEF**

WHEREFORE, Golabs prays that this Court grant:

A. A declaratory judgment that Golabs's EDGE, GLIDE and SRX Mini hoverboards do not infringe Defendants Unicorn's, Chic's and Uni-Sun's U.S. Patents Nos. 9,376,155, 9,452,802 and 10,597,107, and that Amazon shall not deny sale of such products on www.amazon.com founded on any alleged infringement of any patents of Defendants Unicorn, Hangzhou Chic or Uni-Sun;

B. A preliminary and permanent injunction enjoining Defendants Unicorn, Hangzhou Chic and Uni-Sun, their successors and assigns, and anyone acting in concert therewith or on

their behalf, from asserting to Golabs, Golabs's retailer customers, Amazon or any other retailers or customers of Golabs's hoverboards, or any of their parents, affiliates, or subsidiaries, as well as their respective officers, agents, employees, successors, and assigns, that Golabs's or its retailer customers' sales of Golabs's EDGE, GLIDE and SRX Mini hoverboards infringe Defendants Unicorn's, Hangzhou Chic's and Uni-Sun's U.S. Patents Nos. 9,376,155, 9,452,802 and 10,597,107;

C. Injunctive and other equitable relief requiring Defendants Unicorn, Hangzhou Chic and Uni-Sun to take all necessary steps (a) to prevent further misrepresentations regarding Golabs's EDGE, GLIDE and SRX Mini hoverboards by Defendants Unicorn, Hangzhou Chic and Uni-Sun and any agents acting on their behalf, including but not limited to, the misrepresentations to Amazon and/or Golabs's other retailer customers; (b) to correct any and all such misrepresentations already made; and (c) to prevent further harm to Golabs as a result of Defendants Unicorn's, Hangzhou Chic's and Uni-Sun's misconduct;

D. A preliminary injunction or other equitable relief directing Defendants Amazon not to deny sale of Golabs's EDGE, GLIDE and SRX Mini hoverboards on Amazon.com founded on any alleged infringement of any patents of Defendants Unicorn, Hangzhou Chic or Uni-Sun;

E. A preliminary and permanent injunction enjoining Defendant Amazon, their successors and assigns, and anyone acting in concert therewith or on their behalf, from delisting Golabs's EDGE, GLIDE and SRX Mini hoverboards based on any assertion by Defendants Unicorn, Hangzhou Chic and Uni-Sun, their successors and assigns, and anyone acting in concert therewith or on their behalf, that Golabs's or its retailer customers' sales of Golabs's EDGE, GLIDE and SRX Mini hoverboards infringe

Defendants Unicorn's, Hangzhou Chic's and Uni-Sun's U.S. Patents Nos. 9,376,155, 9,452,802 and 10,597,107;

F. For an award to Golabs of its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

G. For such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Golabs hereby demands a trial by jury on all issues that are triable of right to a jury in this action.

Dated: February 10, 2021           Respectfully submitted,

By: /s/ Tony Pezzano
Tony Pezzano
New York Bar No. 2315547
Offit Kurman, P.A.
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel: (212) 545-1900
Fax: (212-545-1656
Email: Tony.Pezzano@offitkurman.com

William Chu
Texas Bar No. 04241000
wmchulaw@aol.com
Salina Tariq
Texas Bar No. 24086470
stariq.wmchulaw@gmail.com
William Knisley
Texas Bar No. 24095728
knisley.wmchulaw@gmail.com
LAW OFFICES OF WILLIAM CHU
4455 LBJ Freeway, Suite. 1008
Dallas Texas, 75244
(Tel) 972-392-9888
(Fax) 972-392-9889

*Attorneys for Plaintiff Golabs, Inc. d/b/a Gotrax*